**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| ANTHONY ODOM,        )<br>                              )<br>           Plaintiff,     )<br>                              )<br>   vs.                       )<br>                              )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY ADMINISTRATION, )<br>                              )<br>           Defendant.    )<br>_____) | No. 2:10-cv-02757-DCN<br><br>**ORDER** |

This matter is before the court on plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA). Plaintiff requests $4,689.00 in attorney's fees[1] and $23.00 in expenses on the ground that he is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

The Administrative Law Judge (ALJ) issued a decision on October 5, 2009 denying plaintiff's application for disability benefits and supplemental security income. Following Odom's appeal, on January 24, 2012, the magistrate judge found in a Report & Recommendation (R&R) that this court should reverse the ALJ's decision and remand for further proceedings. The Commissioner of Social Security filed objections to the R&R.

---

[1] Plaintiff originally sought $4,689.00 in attorney's fees based on 26.05 attorney hours of representation at a rate of $180.00 per hour. Pl.'s Mem. Supp. Mot. Atty's Fees 6-7. After defendant opposed the motion for fees and expenses, Odom amended his EAJA petition to reflect the additional hour spent by his attorney on preparing a reply brief, for a total of $4,869.00 in requested attorney's fees. Pl.'s Reply 1. The arguments set forth in plaintiff's reply brief do not differ substantially from those made in the opening petition. Moreover, "Replies to responses are discouraged." Local Rule 7.07, DSC. The court finds plaintiff's amended request is unreasonable and instead considers whether he is entitled to the fee amount set forth in the original petition.

1

On March 27, 2012, this court issued an order affirming the R&R, reversing the Commissioner's decision, and remanding for further proceedings.

Under the EAJA, a court shall award reasonable fees and expenses to a prevailing party in certain civil actions against the United States unless the government's position was substantially justified or special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Odom is considered the "prevailing party." See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

Here, the magistrate judge found in her R&R that the ALJ improperly discredited the opinion of Dr. Stefan Montgomery, Odom's primary treating physician during a span of three years, on the sole basis that it was "internally inconsistent." R&R 7 (finding that

the ALJ neither "articulate[d] fully the inconsistency" nor explained "why such alleged incompatibility matters such that the whole opinion could be rejected").  The Commissioner objected to this finding, arguing that the ALJ's perceived inconsistency in Dr. Montgomery's opinion was a sufficient reason to accord it less than controlling weight.  Upon review, this court held that it was "unclear whether the ALJ applied the factors set forth at 20 C.F.R. § 404.1527(d)" in evaluating Dr. Montgomery's opinion.  Order 9.  The court additionally found that the ALJ had a duty to investigate the perceived inconsistency in Dr. Montgomery's opinion.  For these reasons, the court reversed the ALJ's decision and remanded for further proceedings.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees."  Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified.").  It is true, as the government points out, that courts have found that an internal inconsistency in an opinion is a reasonable basis for giving less weight to a physician's opinion.  See Def.'s Resp. Opp. 3 (citing Smallwood v. Chater, 65 F.3d 87, 89 (8th Cir. 1995); Clay v. Astrue, No. 08-25, 2009 WL 62261, at *21 (N.D. W. Va. 2009)).  The court did not take issue with the ALJ's reliance on an internal inconsistency in Dr. Montgomery's Medical Source Statement in his evaluation of Dr. Montgomery's opinion.  In fact, the court wrote that "the ALJ did properly consider the consistency of Dr. Montgomery's opinion."  Order 9.

3

However, with respect to the remaining § 404.1527(d) factors, "the ALJ must at least indicate that he or she was aware of and considered all of the factors." Baxter v. Astrue, No. 10-3048, 2012 WL 32567, at *6-7 (D. Md. Jan. 4, 2012). As already noted by this court, "[w]hat defendant fails to recognize is that the ALJ's decision does not account for the remaining § 404.1527(d) factors." Order 11. This analysis is required by law. See Zarkowski v. Barnhart, 417 F. Supp. 2d 758, 765 (D.S.C. 2006).

For these reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that would render an award of fees and expenses unjust. Therefore, the court **GRANTS** plaintiff's motion and awards $4,689.00 in fees and $23.00 in expenses.[2]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 5, 2013**
**Charleston, South Carolina**

---

[2] The award is based on a total of 26.05 attorney hours at a rate of $180.00 per hour. This is a reasonable request, and defendant does not object to the calculation of the fee. Defendant does correctly note that the EAJA requires attorney's fees to be awarded directly to the litigant rather than her attorney. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010) (holding that plain text of EAJA requires that attorney's fees be awarded to the litigant, subjecting the fees to offset of any pre-existing federal debt); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) (same). Therefore, the court awards to plaintiff attorney's fees in the amount of $4,689.00 and expenses in the amount of $23.00. See Sturkin v. Astrue, No. 11-3525, 2013 WL 425833, at *1 (D.S.C. Feb. 4, 2013) (awarding both fees and expenses directly to plaintiff).